## CIRCUIT COURT OF THE CITY OF DANVILLE

Janet Young

v.

Tama J. Waddell et al

May 9, 2002

Case No. 00-215CL

BY JUDGE JOSEPH W. MILAM, JR.

In reliance upon the decisional authorities cited in counsels' letters, the penultimate paragraph on page 2 of Mr. Kushner's letter accurately frames the issue before the Court. Plaintiff is entitled to increase her *ad damnum* provided the amendment does not unfairly prejudice defendants' ability to defend the case.

Here, the salient facts upon which the defendants rely in support of their opposition to the motion do not appear to be in dispute. On November 15, 2002, Plaintiff filed her motion for judgment seeking damages arising out of a motor vehicle accident which is alleged to have occurred November 27, 1998. Now, approximately sixty days prior to trial, plaintiff seeks to increase her *ad damnum* from two to ten million dollars. Defendant City of Danville proffered evidence of liability insurance coverage applicable to plaintiff's claim in the amount of three million dollars.

Defense counsel argues that the requested amendment comes too late, particularly where it exposes City of Danville to excess liability. More specifically, defense counsel asserts that by opening the door to excess liability in the amount of seven million dollars sixty days prior to trial, plaintiff's motion unfairly prejudices defendants' right to defend themselves. Had they known about excess exposure, defendants assert the case would have been evaluated and defended differently. Among other differences, defense counsel

asserts that excess liability exposure would have been considered and factored in City of Danville's budgetary process.

Plaintiff's counsel cites plaintiff's right to seek full redress for her injuries and notes the court's obligation pursuant to Rule 1:8 of the Rules of the Supreme Court of Virginia. Plaintiff's counsel asserts that the nature, duration, and degree of plaintiff's claim were not apparent until recently. Plaintiff argues that prejudice based upon an increase in the amount sued for is not the type of prejudice which can be relied upon by a defendant under the present circumstances.

After considering the facts, the law, and the arguments of counsel, this court is of the opinion that defendants have made an adequate showing of prejudice in so far as the requested amendment exposes the defendants to uninsured liability sixty days prior to trial. Plaintiff will be permitted to increase her *ad damnum* one million dollars to three million dollars. Therefore, plaintiff's motion will be granted in part, and denied in part.

I ask counsel to coordinate preparation and submission of an order consistent with the foregoing. Plaintiff's objection to the court's refusal to increase the *ad damnum* over three million dollars may be noted as well as defendant's objection to the increase from two to three million dollars.